James F. Craig et al., Plffs. in Err., v. John C. Craig et al.

Evidence of a parol gift of land from father to son, insufficient to establish a title by gift, is admissible to show the character of the entry upon the land made by the son, that such entry was not as a tenant at will, but under a claim of right and adverse to all others; and when accompanied

NOTE.—An entry upon land under color of title marked by boundaries, though not distinctly, gives title to the whole tract when held adversely for the period fixed by the statute of limitations.  Stein v. Green, 6 Lack. Legal News, 292; Heiser v. Riehle, 7 Watts, 35; Hopkins v. Robinson, 3 Watts, 205.  And it is immaterial that the boundaries were marked by another than the one holding adversely.  Fitch v. Mann, 8 Pa. 503.

by evidence of continued possession for more than twenty-one years it will establish a good title under the statute of limitations.

Boundaries not distinctly marked on the ground, if so designated as to be readily ascertained, are sufficient to establish possession of land and create title thereto under the statute of limitations. The maxim, That is to be treated as certain which can be rendered certain, applies.

(Argued October 11, 1887.   Decided October 31, 1887.)

October Term, 1887, No. 55, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, J*J.*   Error to Common Pleas of Armstrong County to review a judgment for defendants in ejectment.   Affirmed.

This was an action of ejectment brought by James F. Craig *et al.,* minor children of Sarah Craig, deceased, a daughter of Samuel Craig, by their guardian Hamilton Fleming, against John C. Craig *et al.,* the minor children and widow of John B. Craig, deceased, who was a son of the said Samuel Craig, by their guardian, William Hodge, for 150 acres of ground; but the case was tried as if involving 50 acres of ground, part of the 150 acres, in the possession of defendants.

It appeared that in 1851 Samuel Craig owned 150 acres of ground; and in that year his son John B. Craig went into possession of 50 acres thereof, under an alleged parol gift, cleared a portion thereof, erected a house and lived therein with his family, farming the land and paying taxes thereon, until April, 1870, when he died; and since then defendants have continued in possession and paid the taxes thereon up to August 15, 1883, when this action of ejectment was brought.

In 1870 Samuel Craig died intestate, leaving heirs, *inter alios,* the parties hereto.

The plaintiffs herein began proceedings in partition in the orphans' court, wherein defendants denied the right to partition to 50 acres of the west end of the tract, and thereupon the court stayed the partition proceedings and directed this present ejectment.   The evidence for defendants besides the above facts tended to show that three of the boundary lines were the original limits of the tract and that the division line was marked.   One witness testified that in 1862 or from 1862 to 1864 he mowed for Samuel Craig one day and Craig then pointed out a corner of John's land, saying it was 50 acres, and "it runs toward that

chestnut tree, and runs south as far as that chestnut tree at the far end of the field, and then runs west so far that when it would run south again it would make 50 acres."

The court, NEALE, P. J., submitted the case to the jury, charging, *inter alia,* that if defendants rested solely upon a parol. gift or contract, the evidence thereof was insufficient, but charged that defendants were entitled to a verdict if the jury found that their occupancy of the land had been open, notorious, adverse, hostile, uninterrupted, and distinct for a period of twenty-one years, and answered several points, as is set forth in the assignments of error.

The jury found for defendants and from judgment thereon plaintiffs brought this writ of error, assigning as error:

1. The court erred in allowing the jury to consider the defendants' claim of title under the statute of limitations, there being no evidence to justify this submission.

2. Its answer to the plaintiffs' fourth point, which point and answer are as follows:

"There is no sufficient evidence in this case of an ouster or disseisin by John B. Craig of his father or coheirs by notice, or such acts as would amount to notice, or ouster as is required by law."

*Ans.* "Affirmed, with the explanation we have given to you in our general charge."

3. The court erred in its answer to the plaintiffs' tenth point, which point and answer are as follows:

"That there is no evidence in this case sufficient to maintain a parol gift or sale from Samuel Craig to his son John B., and that the declarations of Samuel Craig that he had given or intended to give to his son John B. 50 acres of land will be disregarded by the jury when considering the question of the statute of limitations, and the court is requested to withdraw all such evidence from the jury."

*Ans.* "This point is refused."

4. The court erred in its answer to the plaintiffs' eleventh point, which point and answer are as follows:

"That there is no such evidence of fixed, definite, and uniform boundaries of the land in dispute as claimed by John B. Craig for a period of twenty-one years before suit brought as would support his claim under the statute of limitations; and the verdict must be for the plaintiff."

*Ans.* "That point is refused."

5. The court erred in its answer to the defendants' first poi it, which point and answer are as follows:

"The evidence on the part of the defendants, if believed, is sufficient from which the jury may infer a gift of the 50 acres of land in controversy to John B. Craig by his father, Samuel Craig."

*Ans.* "That point is affirmed, with the explanation we have given to you in our general charge."

6. The court erred in its answer to the defendants' second point, which point and answer are as follows:

"If the jury find, from the evidence, that John B. Craig entered into possession of the said 50 acres of land in 1852, or prior thereto, in pursuance of said gift, and from that time continued in the peaceable, open, notorious, separate, adverse, hostile, exclusive, and uninterrupted possession of said land until the death of his father and himself; that since his death his possession and occupancy have been continued by his wife and children who have held it in the same manner until the inception of this suit, to wit: the 19th day of June, 1883, then the defendants have a perfect title to the said land under and by virtue of the statute of limitations, and their verdict should be for the defendants."

*Ans.* "That point is affirmed."

7. The court erred in its answer to the defendants' third point, which point and answer are as follows:

"If the jury believe, from the evidence, that John B. Craig went into the possession of the 50 acres of land in dispute in 1852, claiming the land as his own, and occupied the same continuously to the time of his death, peaceably, openly, adversely, hostilely, separately, notoriously, and exclusively against all persons; and his widow and children have occupied and lived on the premises in the same manner since his death up to the 19th day of June, 1883, then defendants have a perfect title under the statute of limitations, and their verdict should be for the defendants."

*Ans.* "That point is affirmed."

*E. S. & H. L. Golden* and *Buffington & Buffington,* for plaintiffs in error.—The answer to plaintiffs' fourth point, embraced in the second assignment of error, was misleading. The

court answered: "Affirmed, with the explanation we have given to you in our general charge;" while the general charge failed in any manner to refer to the point.

The jury was thus left to believe that the proposition was not affirmed without qualification, and that it was not true as a legal proposition.

The evidence of boundaries was insufficient. One witness whose testimony is uncorroborated will not be sufficient to make title to land. Shellhammer v. Ashbaugh, 83 Pa. 24.

The court is bound to weigh the evidence. Mead v. Conroe, 113 Pa. 220, 8 Atl. 374.

In the general charge the court instructed the jury that the evidence of gift was insufficient, but in answer to defendants' first point declares that the evidence is sufficient to infer a gift.

This direct contradiction misled the jury.

This contradiction is rendered more injurious by the affirmation of defendant's second point, that if John B. Craig entered into possession of the land "in pursuance of said gift and continued in possession," etc., the title would be good under the statute of limitations. This point is predicated upon a gift which the court had declared did not exist.

The entry of John B. Craig was by a gift: *ergo,* by the statute of frauds the entry had the effect of a lease or estate at will only.

John B. Craig being then, by said statute, the lessee or tenant at will of his father, to start the statute running there must be on his part:

(1) A repudiation of the previous relation. Sedgw. & W. Trials of Title to Land, § 751; Zeller v. Eckert, 4 How. 289, 11 L. ed. 979; Bannon v. Brandon, 34 Pa. 267, 75 Am. Dec. 655; Long v. Mast, 11 Pa. 195; Watson v. Gregg, 10 Watts, 296, 36 Am. Dec. 176; Hood v. Hood, 2 Grant Cas. 237, and Magraw v. Pennock, 2 Grant Cas. 89; Forward v. Deetz, 32 Pa. 73.

(2) This repudiation must be brought home to the owner of the paramount title and must be actual, positive, and unequivocal.

There was no such repudiation, nor was it ever brought home by John Craig to his father. It will not do for him to claim and talk, he must do some unequivocal act of repudiation and bring this home to his father.

*D. Barclay* and *McCain & Leason,* for defendants in error.—
The assignments of error raise three questions: (1) Sufficiency
of evidence of gift; (2) was the possession of defendants ex-
clusive and adverse? and (3) was the claim sufficiently definite
in extent?

Several witnesses testified to declarations of the father ad-
mitting the gift.

The son cleared and farmed the land and paid the taxes; and
he and his heirs have held possession for thirty-two years.

Such evidence was properly submitted to the jury. Camp-
bell v. Braden, 96 Pa. 388; Graham v. Craig, 81* Pa. 459;
Ewing v. Ewing, 96 Pa. 381.

The evidence of gift, possibly not sufficient to prevail against
the statute of frauds, was yet sufficient to show that the son took
and held adverse possession.

There was sufficient evidence of the extent of claim, together
with the payment of taxes. Lund v. Brown, 14 W. N. C. 490.

Whenever the person who has the right confesses himself to
be out of possession, the act of limitation runs against him, be-
cause there is sufficient evidence of his being ousted, although
the land be not inclosed by his adversary. So without actual
confession a man may show by his conduct that he considers
himself out of possession. Boyer v. Benlow, 10 Serg. & R.
306.

PER CURIAM:

John B. Craig certainly occupied the land in dispute long
enough to perfect his title by the statute of limitations, and
though the parol gift from his father may not have been good
itself, yet it was evidence to show how he entered, not as a
tenant at will, but under claim of right and adverse to all others.
So, the boundaries, though not distinctly marked on the ground,
were nevertheless so designated that they could be readily as-
certained; hence, the maxim properly applies that that is to be
treated as certain which can be rendered certain.

The judgment is affirmed.